

the amount of five hundred dollars were warranted. Plaintiff has failed to demonstrate either that the District Court reconstructed the events inaccurately or that the injuries required a more substantial award.

■ *Second*, the District Court limited the recovery to the three defendants he found to have "actually used excessive physical force in making the arrest." The other defendants, he concluded, merely acted in good faith on the assumption that Jacobs was under arrest and was attempting to escape. Plaintiff fails to carry his burden to show us that the trial judge's findings were "clearly erroneous." Rule 52(a), F.R.Civ.P.

■ *Third*, it was not error to fail to award attorneys fees, costs or punitive damages where, as the trial court here found, "[t]he actions of defendants in the context of the situation . . . while not justified, were not done with . . . such malice as implies a spirit of mischief or criminal indifference to civil obligations."

Affirmed.

———◆———

Michael A. Young, New York City (Robert Kasanof, Legal Aid Society, New York City, on brief), for appellant.

James E. Nesland, Asst. U. S. Atty. (Jay S. Horowitz, Asst. U. S. Atty., Paul J. Curran, U. S. Atty., on brief), for appellee.

Before LUMBARD, HAYS and TIMBERS, Circuit Judges.

**UNITED STATES of America,**
**Appellee,**

v.

**Richard WATTS, Appellant.**

**No. 1050, Docket 73-1193.**

United States Court of Appeals,
Second Circuit.

Argued June 28, 1973.

Decided Sept. 10, 1973.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Southern District of New York denying a motion to vacate sentence made pursuant to 28 U.S.C. § 2255. The appellant contends that the district court in imposing sentence improperly denied his request for a civil commitment made under Title II of the Narcotic Addict Rehabilitation Act (NARA), 18 U.S.C. §§ 4251 et seq. The appellant claims that the district court denied him NARA treatment on the basis of the statutory exclusion from such treatment of defendants previously convicted of two or more felonies. Appellant urges that the statute so providing is unconstitutional. The record of the sentencing proceeding clearly indicates that the district court considered a range of factors such as the defendant's criminal record and marital history in reaching the decision to deny the defendant's request for NARA

treatment and that the denial of the NARA sentencing alternative was based on the court's exercise of discretion.

We affirm on this ground and do not, therefore, reach the issue of the constitutionality of 18 U.S.C. § 4251(f)(4).

Affirmed.

**GARDNER ENGINEERING CORPO-RATION et al., Appellees,**

**v.**

**PAGE ENGINEERING COMPANY, Appellant.**

**No. 72–1771.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1973.

Decided Aug. 1, 1973.

